IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**DEBORAH CALHOUN, JESSICA**            **PLAINTIFFS**
**COGLIN, ANTONIO DAVIS and**
**SAMANTHA SANDERS**

vs.                          No. 5:21-cv-162

**NIXON ENGINEERING, LLC**                 **DEFENDANT**

## ORIGINAL COMPLAINT

COME NOW Plaintiffs Deborah Calhoun, Jessica Coglin, Antonio Davis and Samantha Sanders ("Plaintiffs"), by and through their attorneys Merideth Q. McEntire and Josh Sanford of the Sanford Law Firm, PLLC, and for their Original Complaint against Nixon Engineering, LLC ("Defendant"), they do hereby state and allege as follows:

### I. JURISDICTION AND VENUE

1. Plaintiffs bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendant's failure to pay Plaintiffs a minimum wage and proper overtime compensation for all hours that Plaintiffs worked.

2. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3. Defendant conducts business within the State of Texas, operating and managing a traffic control and highway maintenance business throughout Texas.

4. The acts complained of herein were committed and had their principal effect against Plaintiffs within the San Antonio Division of the Western District; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

5. Plaintiffs were/are employed by Defendant, whose headquarters are in Bastrop, in the Western District of Texas.

## II.      THE PARTIES

6. Plaintiff Deborah Calhoun is an individual and resident of the State of Texas.

7. Plaintiff Jessica Coglin is an individual and resident of the State of Texas.

8. Plaintiff Antonio Davis is an individual and resident of the State of Texas.

9. Plaintiff Samantha Sanders is an individual and resident of the State of Texas.

10. Defendant Nixon Engineering, LLC, is a domestic limited liability company, with its principal place of business in Bastrop.

11. Defendant's registered address for service is Tina Tiner Nixon, 508 Pecan Street, Bastrop, Texas 78602.

12. Defendant maintains a website regarding its business located on the web at http://www.nixon-engineering.com/ww2/.

## III.      FACTUAL ALLEGATIONS

13. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

14. Defendant operates and manages a traffic control and highway maintenance business throughout Texas.

15. At all times after three years preceding the filing of the Original Complaint, Defendant had at least two employees that handled, sold, or otherwise worked on goods or materials that have been moved in or produced for commerce, such as vehicles, including truck mounted attenuators and pilot vehicles, rumble strips, road construction cones and road signs.

16. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this complaint.

17. At all relevant times herein, Defendant was/is an "employer" of Plaintiffs within the meaning of the FLSA.

18. At all times material herein, Plaintiffs have been entitled to the rights, protections and benefits provided under the FLSA.

19. At all material times, Defendant failed to pay Plaintiffs minimum wage as required by the FLSA, 29 U.S.C. § 206.

20. At all times material herein, Plaintiffs have been classified by Defendant as hourly employees and as nonexempt from the overtime requirements of the FLSA, 29 U.S.C. § 207.

21. At all relevant times herein, Defendant directly hired Plaintiffs to work at and between jobsites, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

22. Defendant failed to pay each Plaintiff for up to, and possibly exceeding, twenty hours of overtime per week.

23. At all relevant times herein, Defendant has deprived Plaintiffs of regular wages and overtime compensation for all of the hours worked over forty per week.

24. Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

### A.   Plaintiff Deborah Calhoun

25. Plaintiff Deborah Calhoun worked for Nixon Engineering, LLC, as Flagger and Crew Member from March of 2018 to April of 2019.

26. Plaintiff Calhoun was paid an hourly rate of $8.00 per hour, with an additional bonus of around $5.64 per hour for every hour worked up to forty hours. Most or all of Plaintiff Calhoun's overtime hours went uncompensated.

27. Plaintiff Calhoun was required to travel to distant locations and from jobsite to jobsite and was regularly not compensated for drive time and various other off the clock work in weeks in which Calhoun otherwise worked forty or more hours.

28. Plaintiff Calhoun was required to travel away from home and stay overnight. She was required to travel, as either the driver or passenger in a company vehicle, to various locations across the state of Texas, during normal workday hours as well as during working hours on nonworking days and was regularly not compensated for this work time.  This unpaid travel time work occurred in weeks in which Calhoun worked forty or more hours per week.

29. Plaintiff Calhoun was regularly required to pick up work trucks, rumble strips, and other equipment from one jobsite and deliver it to another jobsite and was

regularly not compensated for this work time in weeks in which Wise otherwise worked forty or more hours.

30. Plaintiff Calhoun regularly worked over forty hours per week, including off-the-clock work.

**B.      Plaintiff Jessica Coglin**

31. Plaintiff Coglin worked for Nixon Engineering, LLC, as a traffic control crew leader and TMA driver from March of 2017 until August of 2018.

32. Plaintiff Coglin was paid an hourly rate of $8.00 per hour, with an additional bonus of around $5.64 per hour for every hour worked up to forty hours, and an overtime rate of $12.00 per hour for some hours worked over forty per week, with some overtime hours going uncompensated.

33. Plaintiff Coglin was required to travel to distant locations and from jobsite to jobsite and was regularly not compensated for drive time and various other off the clock work in weeks in which Coglin otherwise worked forty or more hours.

34. Plaintiff Coglin was required to travel away from home and stay overnight. She was required to travel, as either the driver or passenger in a company vehicle, to various locations across the state of Texas, during normal workday hours as well as during working hours on nonworking days and was regularly not compensated for this work time. This unpaid travel time work occurred in weeks in which Coglin worked forty or more hours per week.

35. Plaintiff Coglin was regularly required to pick up work trucks, rumble strips, and other equipment from one jobsite and deliver it to another jobsite and was regularly

not compensated for this work time in weeks in which Coglin otherwise worked forty or more hours.

36. Plaintiff Coglin regularly worked over forty hours per week, including off-the-clock work.

37. Plaintiff Coglin estimates she worked approximately 25 to 30 hours off the clock each week, including time spent driving.

### C. Plaintiff Antonio Davis

38. Plaintiff Davis worked for Nixon Engineering, LLC, as a foreman and crew leader from October of 2018 until October 2019.

39. Plaintiff Davis was paid an hourly rate of $8.00 per hour, with an additional bonus of around $5.64 per hour for every hour worked up to forty hours, and an overtime rate of $12.00 per hour for some hours worked over forty per week, with some overtime hours going uncompensated

40. Plaintiff Davis was required to travel to distant locations and from jobsite to jobsite and was regularly not compensated for drive time and various other off the clock work in weeks in which Davis otherwise worked forty or more hours.

41. Plaintiff Davis was required to travel away from home and stay overnight. He was required to travel, as either the driver or passenger in a company vehicle, to various locations across the state of Texas, during normal workday hours as well as during working hours on nonworking days and was regularly not compensated for this work time.  This unpaid travel time work occurred in weeks in which Davis worked forty or more hours per week.

42. Plaintiff Davis was regularly required to pick up work trucks, rumble strips, and other equipment from one jobsite and deliver it to another jobsite and was regularly not compensated for this work time in weeks in which Wise otherwise worked forty or more hours.

43. Plaintiff Davis regularly worked over forty hours per week, including off-the-clock work.

44. Defendant often failed to pay Plaintiff Davis his overtime pay.

45. Defendant frequently required Plaintiff Davis to pay for the meals of Davis's crew, which constituted unlawful "kick-backs" under 29 C.F.R. § 531.35.

### D. Plaintiff Samantha Sanders

46. Plaintiff Sanders worked for Nixon Engineering, LLC, as Supervisor from March of 2018 until November of 2020.

47. While Defendant has not formally terminated Plaintiff Sanders's employment, Defendant has not scheduled Sanders to work since November of 2020.

48. While serving as Crew Leader, Plaintiff Sanders was paid an hourly rate of $8.00 per hour, with an additional bonus of $5.00 per hour for every hour worked up to 40 hours, and an overtime rate of $12.00 per hour for some hours worked over forty per week, with some overtime hours going uncompensated.

49. Plaintiff Sanders was required to travel to distant locations and from jobsite to jobsite and is regularly not compensated for drive time and various other off the clock work in weeks in which Sanders otherwise worked forty or more hours.

50. Plaintiff Sanders was required to travel away from home and stay overnight. She was required to travel, as either the driver or passenger in a company

vehicle, to various locations across the state of Texas, during normal workday hours as well as during working hours on nonworking days and was regularly not compensated for this work time. This unpaid travel time work occurred in weeks in which Sanders worked forty or more hours per week.

51. Plaintiff Sanders was regularly required to pick up work trucks, rumble strips, and other equipment from one jobsite and deliver it to another jobsite and was regularly not compensated for this work time in weeks in which Wise otherwise worked forty or more hours.

52. Plaintiff Sanders regularly worked over forty hours per week, including off-the-clock.

### IV.  CAUSE OF ACTION—VIOLATION OF THE FLSA

53. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

54. Plaintiffs asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

55. At all times relevant to this Complaint, Defendant has been Plaintiffs' "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

56. At all times relevant to this Complaint, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

57. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40 hours in a week, unless an employee

meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

58. At all times relevant to this Complaint, Defendant failed to pay Plaintiffs lawful minimum wage and overtime as required by the FLSA.

59. Despite the entitlement of Plaintiffs to overtime payments under the FLSA, Defendant failed to pay Plaintiffs an overtime rate of 1.5x their regular rate of pay for all hours worked 40 each week.

60. Defendant failed to pay Plaintiffs a lawful minimum wage for all hours worked.

61. Defendant's failure to pay Plaintiffs all overtime wages owed was willful.

62. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

## V. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs respectfully pray that Defendant be summoned to appear and to answer herein and for declaratory relief and damages as follows:

A. A declaratory judgment that Defendant's practices alleged herein violate the FLSA and their relating regulations;

B. Judgment for damages for all unpaid minimum wage and overtime compensation under the FLSA and their relating regulations;

  C. Judgment for liquidated damages pursuant to the FLSA and their relating regulations;

  D. An order directing Defendant to pay Plaintiffs a reasonable attorney's fee and all costs connected with this action; and

  E. Such other and further relief as this Court may deem just and proper.

           Respectfully submitted,

           **DEBORAH CALHOUN, JESSICA COGLIN, ANTONIO DAVIS and SAMANTHA SANDERS, PLAINTIFFS**

           SANFORD LAW FIRM, PLLC
           Kirkpatrick Plaza
           10800 Financial Centre Pkwy, Suite 510
           Little Rock, Arkansas 72211
           Telephone: (501) 221-0088
           Facsimile: (888) 787-2040

           */s/ Merideth Q. McEntire*
           Merideth Q. McEntire
           Tex. Bar No. 24105123
           merideth@sanfordlawfirm.com

           */s/ Josh Sanford*
           Josh Sanford
           Tex. Bar No. 24077858
           josh@sanfordlawfirm.com