IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **DEBORAH CALHOUN, JESSICA COGLIN, ANTONIO DAVIS and SAMANTHA SANDERS** | § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. 5:21-cv-162-JKP |
| **NIXON ENGINEERING, LLC** | § § § | |
| Defendant. | § | |

**JOINT MOTION FOR COURT APPROVAL OF CONFIDENTIAL SETTLEMENT AND JOINT STIPULATION OF DISMISSAL WITH PREJUDICE**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COME NOW Plaintiffs and Defendant (collectively, the "Parties") in the above-styled matter[1] and respectfully show the Court the following:

**BACKGROUND**

1. Plaintiffs filed this lawsuit individually and on behalf of other similarly situated employees against Defendant alleging that they were not paid overtime to which they were entitled, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"). (*See* Pls.' Orig. Compl., Dkt. 1). Defendant timely denied Plaintiffs' allegations and asserted various affirmative

---

[1] Plaintiffs' counsel in this case are representing different plaintiffs in another case asserting the same claims against Defendant, styled *Will Heslip et al v Nixon Engineering, LLC*, Case No. SA:19-CV-1327-XR (the "Heslip Lawsuit"), which case was ordered to be mediated together with this matter. (*See* Mediation Order, Dkt. 14). Because the claims by the plaintiffs in the Heslip Lawsuit were resolved pursuant to the same Confidential Settlement Agreement as in this matter, a similar Joint Motion for Court Approval of Confidential Settlement and Joint Stipulation of Dismissal With Prejudice and Joint Motion to File Confidential Settlement Agreement Under Seal are being filed contemporaneously in the Heslip Lawsuit.

defenses, including that Defendant did not willfully violate the FLSA. (*See* Def.'s Ans. and Aff. Defenses, Dkt. 6).

2. Following arms-length negotiations between counsel, the Parties have agreed to settle this case, filed by Plaintiffs pursuant to the FLSA, pursuant to the terms of a Confidential Settlement Agreement and Release of All Claims (the "Confidential Settlement Agreement").

3. The precise terms of the Confidential Settlement Agreement to be signed by each Plaintiff are confidential and filed under seal as an Exhibit to the Joint Motion to File Confidential Settlement Agreement Under Seal, which is filed contemporaneously with this Joint Motion for Court Approval of Confidential Settlement and Joint Stipulation of Dismissal With Prejudice. An allocation describing the payments to be made under the Confidential Settlement Agreement is also attached as an Exhibit to the Joint Motion to file Confidential Settlement Agreement Under Seal.

## ANALYSIS

4. The FLSA was enacted for the purpose of protecting all covered workers from substandard wages and oppressive working hours. *Barrentine v. Arkansas-Best Freight Sys.*, 450 U.S. 728, 739 (1981). Congress recognized that "due to the unequal bargaining power as between employer and employee, certain segments of the population required federal compulsory legislation to prevent private contracts on their part which endangered national health and efficiency and as a result the free movement of goods in interstate commerce." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706–07 (1945). The Eleventh Circuit has held that claims for back wages arising under the FLSA can only be settled through payment supervised by the Secretary of Labor or judicial approval of a stipulated settlement after an employee has brought a private action. *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350 (11th Cir. 1982). Under *Lynn's Food Stores*, a

court asked to approve a settlement of claims under the FLSA must determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id*. at 1355.

5. Despite the holding of *Lynn's Food Stores*, the Fifth Circuit has held that not every FLSA settlement requires court approval. "[P]arties may reach private compromises as to FLSA claims where there is a bona fide dispute as to the amount of hours worked or compensation due. A release of a party's rights under the FLSA is enforceable under such circumstances." *Martin v. Spring Break '83 Prods., L.L.C.*, 688 F.3d 247, 255 (5th Cir. 2012) (quoting and adopting *Martinez v. Bohls Bearing Equip. Co.*, 361 F. Supp. 2d 608, 631 (W.D. Tex. 2005)); *see also Bodle v. TXL Mortg. Corp.*, 788 F.3d 159, 163–64 (5th Cir. 2015).

6. The primary issue in this litigation is whether Plaintiffs were properly paid and/or are owed additional overtime compensation. Defendant denies all liability. The dispute among Defendant and Plaintiffs is the number of hours allegedly worked by such Plaintiffs and, thus, whether overtime is owed pursuant to the FLSA; therefore, the amount of compensation allegedly owed to Plaintiffs under the FLSA is in dispute.

7. Because the settlement (as specified in the Confidential Settlement Agreement) offered to, and accepted by, Plaintiffs is an enforceable resolution of Plaintiffs' FLSA claims based on *bona fide* disputes regarding hours worked, and not a compromise of guaranteed substantive rights under the FLSA, the Parties believe that Court approval of the Confidential Settlement Agreement is not required and that their private Confidential Settlement Agreement is enforceable pursuant to *Martin*, *Martinez* and *Sepulveda v. Sw. Bus. Corp.*, No. SA-08-CA-0810-XR, 2009 U.S. Dist. LEXIS 93072, at *4-5 n.1 (W.D. Tex. Oct. 5, 2009); nonetheless, the Parties submit their Confidential Settlement Agreement to the Court for approval to ensure such enforceability.

3

8. The Parties submit and agree that this settlement is in all respects a fair and reasonable resolution of a bona fide dispute under the FLSA and other legal claims, and they have entered into such settlement after consultation with attorneys of their choosing, engaging in informal discovery and evaluation of the likelihood of prevailing on the merits of their claims and defenses.

9. The Parties stipulate that Defendant will pay the sums contemplated by the above-described settlement following Court approval of the Confidential Settlement Agreement and entry of the Order of Dismissal, in accordance with the terms of the Settlement Agreement.

10. 10. The FLSA provides that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b). The Confidential Settlement Agreement provides an allocation of attorneys' fees and costs to Plaintiffs' counsel, which the Parties agree is a reasonable and appropriate award of attorneys' fees and costs associated with the prosecution of Plaintiffs' claims in this cause. Under the terms of the Confidential Settlement Agreement, Plaintiffs' counsel is receiving $39,990.35, which is forty percent (40%) of the total settlement plus the costs incurred during litigation. Between the matters involved in the Parties' settlement, Plaintiffs' counsel has accrued over $60,000 in billed fees and costs, taking the cases from preliminary fact investigation and Complaint drafting, to engaging in motions practice, including a Motion for Certification, to sending and receiving Notices, to formal discovery, damages calculations and settlement discussions. Representing less than two-thirds (2/3) of Plaintiffs' counsel's accrued billed fees and costs, and under the circumstances presented, Plaintiffs' counsel believes that the agreed fee is reasonable, and Defendant's counsel does not contend otherwise.

4878-1058-6645.2

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs and Defendant pray that this settlement will be approved and this lawsuit will be dismissed with prejudice.

Respectfully submitted,

By: */s/ Josh Sanford*  
**Josh Sanford**  
Texas State Bar No. 24077858  
Email: josh@sanfordlawfirm.com  
**Merideth Q. McEntire**  
Texas State Bar No. 24105123  
Email: merideth@sanfordlawfirm.com  
**SANFORD LAW FIRM, PLLC**  
10800 Financial Centre Parkway, Suite 510  
Little Rock, Arkansas 72211  
Telephone: (501) 221-0088  
Facsimile: (888) 787-2040  

**ATTORNEYS FOR PLAINTIFFS**

By: */s/ Ramon D. Bissmeyer*  
**Ramon D. Bissmeyer**  
Texas State Bar No. 00787088  
Email: RBissmeyer@dykema.com  
**Katherine A. Zampas**  
Texas State Bar No. 24104456  
Email: KZampas@dykema.com  
**DYKEMA GOSSETT, PLLC**  
112 East Pecan Street, Suite 1800  
San Antonio, Texas 78205  
Telephone: (210) 554-5500  
Facsimile: (210) 226-8395  

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and will send notification of such filing to the following:

**Merideth Q. McEntire**  
Email: merideth@sanfordlawfirm.com  
**Josh Sanford**  
Email: josh@sanfordlawfirm.com  
**SANFORD LAW FIRM, PLLC**  
10800 Financial Centre Parkway, Suite 510  
Little Rock, Arkansas 72211  

  */s/ Ramon D. Bissmeyer*  
Ramon D. Bissmeyer