UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**DEBORAH CALHOUN, JESSICA
COGLIN, ANTONIO DAVIS and
SAMANTHA SANDERS,**

    *Plaintiffs*,

v.                                                                          Case No. SA-21-CV-0162-JKP

**NIXON ENGINEERING, LLC,**

    *Defendant*.

## MEMORANDUM OPINION AND ORDER

Plaintiffs commenced this action under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA") seeking damages for Defendant's alleged failure to pay them a minimum wage and proper overtime compensation for all hours that they worked. *See* Orig. Compl. (ECF No. 1) ¶ 1. Before the Court is a sealed *Joint Motion for Leave to File Confidential Settlement Agreement under Seal* (ECF No. 28) and a *Joint Motion for Court Approval of Confidential Settlement and Joint Stipulation of Dismissal with Prejudice* (ECF No. 29).

Through the first motion, the parties seek to seal the settlement agreement because it contains a confidentiality clause that requires confidentiality of the agreement, including its terms, provisions, and settlement amount. ECF No. 28 ¶ 2. Through the second motion, they seek judicial approval of the settlement while recognizing that the Fifth Circuit does not require such approval when there is a bona fide dispute as to the hours worked or compensation due. *See* ECF No. 2-4. As stated in that motion, the parties agree that this case presents a bona fide dispute that eliminates the judicial approval requirement under Fifth Circuit law. *See id*. ¶¶ 7-8.

To support their first motion, the parties cite two dated cases from the Eastern District of Louisiana and two from the Fifth Circuit. The first Fifth Circuit decision is cited for the

unremarkable proposition that "[t]he Fifth Circuit views the public's access to judicial records as merely one of many interests to be weighed" when courts exercise their discretion to seal records. *Id.* ¶ 4(citing *Belo Broad. Corp. v. Clark*, 654 F.2d 423, 434 (5th Cir. 1981)). The Court has no disagreement with that proposition even though *Belo* addressed the public's right to access to courtroom evidence rather than sealing a filed document.

From *Belo*, the parties proceed to note that "confidentiality is a well-recognized interest favoring non-disclosure." *Id.* (citing *Toon v. Wackenhut Corrs. Corp.*, 250 F.3d 950, 953-54 (5th Cir. 2001) (instructing when a settlement agreement containing a confidentiality clause is filed with the court, it should be filed under seal)). Although confidentiality is a factor in the sealing determination, the parties' parenthetical overstates what transpired in *Toon*. In *Toon*, after the parties entered into a confidential settlement agreement, one party filed a motion to enforce the settlement without filing the motion under seal in accordance with the agreement. *See* 250 F.3d at 953. In upholding sanctions against the filing attorney, the Fifth Circuit stated: "There is simply no good faith reason for counsel not to have filed the motion to enforce under seal given that the settlement agreement clearly required them to do so." *Id.* While filing the motion under seal would have satisfied the attorney's confidentiality obligation under the agreement, the ultimate decision regarding sealing a filing lies with the courts.

The parties have stated insufficient reasons for filing their settlement agreement under seal. The Court recently had occasion to address filing matters under seal. *See Trans Tool, LLC v. All State Gear Inc.*, No. SA-19-CV-1304-JKP, 2022 WL 608945, at *5-9 (W.D. Tex. Mar. 1, 2022). While the Court does not expect parties to stay abreast of every unpublished opinion of the district courts, they should be aware of pertinent developments in the law. And earlier this year, the Fifth Circuit emphasized that sealing requirements are "far more arduous" than merely obtaining a

protective order on good cause shown. *See June Med. Servs., LLC v. Phillips*, 22 F.4th 512, 521 (5th Cir. 2022). The Fifth Circuit was not breaking new ground. It instead relied upon numerous other Fifth Circuit decisions. Furthermore, as the Fifth Circuit stated in 2019,

> there is a more fundamental reason that a sealing agreement by the parties should not bind a court. It is the public that has the right of access, so private litigants should not be able to contract that right away. Most litigants have no incentive to protect the public's right of access. Both sides may want confidentiality. Even when only one party does, the other may be able to extract a concession by agreeing to a sealing request (this type of tradeoff is common in settlement agreements). That is why it is for judges, not litigants, to decide whether the justification for sealing overcomes the right of access.

*BP Expl. & Prod., Inc. v. Claimant ID 100246928*, 920 F.3d 209, 211-12 (5th Cir. 2019). The Court directs the parties to *BP Exploration*, *June Medical Services*, *Trans Tool*, and the cases cited therein for guidance on sealing documents.

With respect to settlement agreements, specifically, the parties should review *Bradley ex rel. AJW v. Ackal*, 954 F.3d 216 (5th Cir. 2020). "Once a settlement is filed in district court, it becomes a judicial record. The presumption in favor of the public's common law right of access to court records therefore applies to settlement agreements that are filed and submitted to the district court for approval." *Bradley*, 954 F.3d at 225 (quoting *SEC v. Van Waeyenberghe*, 990 F.2d 845, 849 (5th Cir. 1993)). And for a case addressing settlements in the FLSA context, the Court finds *Alewel v. Dex One Serv., Inc.*, No. 13-2312-SAC, 2013 WL 6858504, at *1-5 (D. Kan. Dec. 30, 2013) persuasive and consistent with Fifth Circuit law even though it applies the law of the Tenth Circuit.

Due to the aforementioned caselaw, the Court is inclined to deny the sealed *Joint Motion for Leave to File Confidential Settlement Agreement under Seal* (ECF No. 28) in its current form. But there are other options available in this case. First, in accordance with W.D. Tex. Civ. R. 5.2, the parties may submit a properly redacted settlement agreement that may obviate the need for

sealing. For instance, the settlement agreement may contain private addresses or email addresses that are properly redacted. Similarly, Exhibit 2 showing the payment allocation to the various plaintiffs appears unnecessary to whether the Court should approve the settlement – the specific amounts to be paid to each plaintiff may be properly redacted without affecting the Court's ability to approve the settlement. Both the settlement agreement itself and the motions before the Court state that there is a bona fide dispute between the parties.

Fifth Circuit precedent does not require mandatory judicial approval of all FLSA settlements. Granted, in general, judicial approval is needed before parties resolve FLSA actions privately. *See Bodle v. TXL Mortg. Corp.*, 788 F.3d 159, 164 (5th Cir. 2015). However, two circumstances do not require judicial approval: (1) a bona fide dispute about hours worked or compensation owed and (2) the settlement or resolution provides employees with "everything to which they are entitled under the FLSA at the time the agreement is reached." *Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247, 255 (5th Cir. 2012) (quoting *Thomas v. Louisiana*, 534 F.2d 613, 615 (5th Cir. 1976)). *Martin* provides an exception to the general rule. *See Bodle*, 788 F.3d at 165. Moreover, at least when FLSA plaintiffs are "benefitting from legal counsel" and settle their dispute within the context of a lawsuit, *Martin* rejected the proposition that FLSA plaintiffs must obtain judicial approval before privately resolving their claims. *See* 688 F.3d at 256 n.10 (rejecting mandatory judicial approval required in *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1355 (11th Cir. 1982)).

Under this Fifth Circuit precedent, the bona fide dispute in this case eliminates any need to obtain judicial approval of an FLSA settlement. Given that precedent, the Court may surely approve a settlement without knowing the specific amounts payable to each specific plaintiff in a bona fide dispute context. Furthermore, if there is any question about the propriety of certain

redactions, the parties may submit the proposed redacted version to the Court for in camera review and approval for filing. Additionally, the facts of this case present the possibility that the parties may simply forego obtaining judicial approval based upon their accurate citation to Fifth Circuit precedent that approval is not needed under the circumstances presented by this settlement. While it may be safer for the parties to obtain judicial approval given the cited split between circuit courts, the ultimate decision to seek judicial approval or not lies with the attorneys and their clients.

Finally, if the parties choose to proceed with the motion to seal in its present form without any redaction or other alteration, the motion would be subject to denial. But even with such denial, the Court would accord the following option to the parties:

> Nonetheless, because confidentiality remains a central term of the parties' settlement and the court is denying their motion to file the settlement agreement under seal, the court will give the parties the option of withdrawing from this settlement agreement or proceeding with the settlement per this agreement and filing it in the public judicial record.

*Alewel*, 2013 WL 6858504, at *5.

Given the options presented to the parties, the Court declines to take any action at this time on either motion pending before the Court. The Court will issue a ruling once the parties decide on how they wish to proceed with the motion to seal, i.e., pursue proper redaction, file the settlement agreement as a public record, withdraw the request for judicial approval, or simply ask for ruling on the motion to seal in its current form. There is currently an April 4, 2022 deadline for reopening this case based upon the Court's Thirty-Day Order of Dismissal (ECF No. 19) and extensions of the deadline set therein. *See* ECF No. 27 (extending deadline to Apr. 4, 2022). Unless the parties want this case to be dismissed with prejudice by operation of the Thirty-Day Order of Dismissal, they shall choose the option they want to pursue and so notify the Court by the April 4, 2022 deadline. Absent such notification, the dismissal will take effect and the Court will find the present motions moot.

Because this case is related to another action with similar motions, the Court will alert the presiding judge of that action of this order.

**IT IS SO ORDERED this 18th day of March 2022.**

*/s/ Jason Pulliam*
_____
**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**